**FILED**

**September 28, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 2:05 PM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| **Randy Foster,** | **Docket No.: 2016-05-0519** |
| **Employee,** | |
| **v.** | **State File No.: 39954-2016** |
| | |
| **Gold Street Automotive, LLC** | |
| **Employer.** | **Judge Robert Durham** |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS
## (REVIEW OF THE FILE)

---

This cause came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing (REH) filed by the employee, Randy Foster, pursuant to Tennessee Code Annotated section 50-6-239 (2015) to determine if the employer, Gold Street Automotive, is obligated to provide workers' compensation benefits.[1] Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, Mr. Foster requested the Court issue a ruling based on a review of the file without an evidentiary hearing. On September 12, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. (T.R. 4.) Neither party raised any objection to the documents contained in the record.[2] Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment.

---

[1] After Mr. Foster contacted the Bureau for assistance, the Ombudsman assigned to the matter filed a Request for Investigation with the Uninsured Employer's Fund to determine if Gold Street had workers' compensation insurance, and if not, whether it remained liable for workers' compensation benefits under the law. Upon investigation, UEF determined Gold Street did not have workers' compensation insurance; however, Gold Street does not dispute the Court's jurisdiction given that it had more than five employees at the time of Mr. Foster's alleged injury and would thus be liable for benefits pursuant to a compensable claim under Workers' Compensation law. (T.R. 2.) However, given that Mr. Foster did not contact the Bureau regarding the alleged January 2016 injury until May 6, 2016, he would not be entitled to any funds from UEF even if his claim were compensable. Tenn. Code Ann. § 50-6-801(d)(4) (2015).

[2] On September 22, Gold Street filed as a proposed exhibit a judgment from General Sessions Court against Mr. Foster, but given the filing occurred past the deadline for Responding to a Request for Expedited Hearing, the Court did not consider it but marked it as Exhibit 7 for identification purposes.

The dispositive issue is whether Mr. Foster has sufficiently established he would prevail at trial in proving he sustained an injury to his right shoulder that primarily arose out of and in the course and scope of his employment with Gold Street. A secondary issue is whether Mr. Foster provided notice of a possible work-related injury sufficient to impose an obligation on Gold Street to provide a panel of physicians for treatment in accordance with Tennessee Code Annotated section 50-6-204 (2015). The Court holds the evidence submitted by Mr. Foster is insufficient to establish he is likely to prevail at a hearing on the merits on either issue.

**History of Claim**

Mr. Foster allegedly sustained an injury to his left shoulder sometime in mid-January 2016 while working for Gold Street. (Ex. 2 at 1). However, he did not specify an exact date in any of the documents he prepared or describe a possible "incident or set of incidents" that would serve to define a particular injury as required by Tennessee Code Annotated section 50-6-102(14)(A) (2015). (Ex. 1).

Mr. Foster sought medical care for his left shoulder at Stonecrest Hospital's emergency room on February 2, 2016. (Ex. 3 at 53.) The records note Mr. Foster stated he "has had trouble with left shoulder for years. Has known rotator cuff injury and was supposed to have surgery, but didn't follow up. Pain a couple of weeks ago after a fall and more so today working on vehicle." (Ex. 3 at 54.) The record also noted the pain began while "pulling down on wrench." *Id.* However, there is nothing in the record to indicate whether the fall or his increased pain on February 2 happened while he was working for Gold Street. *Id.* In fact, the intake form for the February 2 visit lists Mr. Foster as "unemployed." *Id.* at 53.

A few weeks later, Mr. Foster underwent an MRI of his left shoulder. *Id.* at 28. The MRI revealed a "large full-thickness tear of the supraspinatus and portion of the infraspinatus" of the rotator cuff with tendon retraction. *Id.* On March 14, Mr. Foster returned to Stonecrest. *Id.* at 37. The record noted Mr. Foster suffered from chronic shoulder pain with the onset occurring months ago. *Id.* It also notes Mr. Foster had been treating at the Hope Clinic[3] for his chronic left shoulder injury, had completed an MRI, and was scheduled for a consultation with an orthopedist, although he could not afford it. *Id.* at 38-39. Mr. Foster specifically denied any "recent/new injury to the L shoulder." *Id.* at 39.

On March 29, Mr. Foster again sought treatment at Stonecrest's emergency room. *Id.* at 32. In the history section, the record noted:

Pt with chronic left shoulder pain from rotator cuff tear. PT states his

---

[3] The parties did not provide a copy of any records from the Hope Clinic.

shoulder has been hurting him for seven years now. States had an MRI one month ago that shows a complete rotator cuff tear, but can't get into an orthopedist for treatment. Denies any recent injury, denies any change in pain, states it is worse to move and can't lift it above his head. States he came to the ED because he is just tired of hurting.

*Id.* at 32. The treating doctor advised him he could not continue coming to the emergency room to manage the chronic pain in his left shoulder, and he needed to find another venue for pain medication. *Id.* at 35.

In addition to the medical records, Gold Street provided affidavits from several employees, all essentially stating that they worked with Mr. Foster in January, February, and March of 2016, and they did not see him fall or injure himself or hear him complain of injuring himself during that time. (Ex. 4.)

Mr. Foster contended he injured his left shoulder while working at Gold Street and is entitled to workers' compensation benefits as a result. Gold Street countered by arguing Mr. Foster has provided no evidence he sustained an injury that arose primarily out of and in the course and scope of his employment with Gold Street, and in fact, the evidence points to the contrary.

**Findings of Fact and Conclusions of Law**

The Court must interpret Workers' Compensation Law fairly, impartially, and by basic principles of statutory construction, favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). Mr. Foster has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Mr. Foster need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Foster has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.*; *see also* Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

3

Gold Street asserted Mr. Foster failed to produce sufficient evidence to show he is likely to prevail on the issue of causation regarding his alleged work-related shoulder injury. In order to establish causation, an employee must prove "to a reasonable degree of medical certainty that [the injury] contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). The term "reasonable degree of medical certainty" means that, "in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2015). Thus, causation must be established by expert medical testimony, and it must be more than "speculation or possibility" on the part of the doctor. *Id.*

In this instance, the Court finds Mr. Foster failed to produce any expert medical evidence linking his rotator cuff tear to his employment with Gold Street. As a result, he has provided insufficient evidence to establish he is likely to prevail on the issue of compensability, and the Court denies his request for reimbursement of medical expenses and temporary disability benefits at this time.

However, an employee does not have to prove compensability in order to establish entitlement to a panel of physicians from which he may choose an authorized physician. *McCord, supra,* at *16, 17. In *McCord*, the Workers' Compensation Appeals Board found that:

> [W]hether the alleged work accident resulted in a compensable injury has yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*Id.* Thus, the question becomes whether Mr. Foster provided sufficient evidence of entitlement to a panel of physicians to satisfy his "burden at this interlocutory stage." *Id.* at 17. The Court finds that he has failed to do so at this time.

Mr. Foster's affidavit, the only sworn testimony he provided, does not describe any work incident or activities that may have primarily caused his rotator cuff tear. The medical records do not note any work activities that may have contributed to the injury, other than possibly the February 2 note, which indicated an increase in pain after falling a few weeks earlier and after using a wrench that day. However, even that record does not indicate Mr. Foster was working for Gold Street at the time of those events. The records go on to state Mr. Foster had been suffering from shoulder pain for seven years, and that he knew he had a rotator cuff tear that needed repair but had not followed up. Finally, Gold Street provided the affidavits of several employees who all averred they did not

4

witness Mr. Foster suffer any falls or injuries to his shoulder in January, February, or March 2016.

At this point, Mr. Foster has only offered what may at best be characterized as speculation and conjecture regarding causation, which cannot serve as justification for the provision of benefits. *See Shelton v. Torrington Co.,* No. 01501-9704-CV-00092, 1998 Tenn. LEXIS 107995, at *10 (Tenn. Workers' Comp. Panel Mar. 13, 1998) (citing *Reeser v. Yellow Freight,* 938 S.W.2d 690, 692 (Tenn. 1997)). This premise is particularly true given that the Workers' Compensation Law no longer allows a remedial construction by the court. *See* Tenn. Code Ann. § 50-6-116 (2014). Therefore, the Court holds Mr. Foster failed to meet his burden in establishing he is entitled to a panel of physicians at this interlocutory stage.

IT IS, THEREFORE, ORDERED that:

1. Mr. Foster's request for workers' compensation benefits is denied at this time.

3. This matter is set for an Initial Hearing on November 8, 2016, at 9:30 a.m. C.S.T.

**ENTERED THIS THE 28th DAY OF SEPTEMBER 2016.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**Initial Hearing:**

An Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Initial Hearing.

Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

6

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>

1. Affidavit of Randy Foster
2. Request for Investigation with attached documents
3. Medical records of Premier Radiology and Stonecrest Emergency Room
4. Affidavits of Gold Street employees
5. Medical Bills
6. W-2 forms for Randy Foster
7. Judgment from Rutherford County General Sessions Court (I.D. only)

<u>Technical Record:</u>

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Gold Street's Position Statement
5. Docketing Notice

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Benefits was sent to the following recipients by the following methods of service on this the 28th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Randy Foster | X | | X | 203 Bordeaux Court, Smyrna, TN 37086 |
| Sonya Henderson | | | X | Sonya@tennesseelawyer.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**